**Billy DAVIS, Jr., Marilyn McCoo, Ronald Townson, Florence Larue, and Lamont McLemore, Plaintiffs,**

v.

**TRANS WORLD AIRLINES, a Delaware corporation, and Foote, Cone & Belding, a Delaware corporation, Defendants.**

**No. 68–882.**

United States District Court
C. D. California.

Jan. 29, 1969.

---

Samuel P. Norton, Los Angeles, Cal., for plaintiffs.

Lillick, McHose, Wheat, Adams & Charles, Anthony Liebig, Michael E. Meyer, Los Angeles, Cal., for defendants.

WHELAN, District Judge.

Defendants moved for summary judgment against plaintiffs herein. The matter was duly submitted for decision by the parties upon the motion of the defendants appearing through Lillick, McHose, Wheat, Adams & Charles, by Anthony Liebig, Esq., upon the record herein and the legal memoranda filed by defendants through their said counsel and by plaintiffs through their counsel Samuel P. Norton, Esq. As a part of the record defendants have stipulated that for the purpose of the hearing on the motion for summary judgment only that the broadcast commercials hereinafter referred to are imitative of the plaintiffs' recorded performance of "Up, Up and Away" hereinafter referred to; all parties have agreed that in the event that defendants' present motion is not finally determinative of this action, that defendants at any trial on the merits shall not be deemed to have admitted that their commercials are in fact imitations of the recorded performance of plaintiffs.

This action, originally filed in the Superior Court of the State of California, was properly removed to this Court. The jurisdiction of this Court is founded upon diversity of citizenship between plaintiffs and defendants, the amount in dispute in the suit exceeding the sum of $10,000.00. All plaintiffs are citizens of California, while defendant Trans World Airlines is a Delaware corporation with principal place of business in New York and defendant Foote, Cone & Belding is a Delaware corporation with principal place of business in Illinois.

Plaintiffs are a nationally-known singing group called "The Fifth Dimension" and plaintiffs' recorded performance of a copyrighted musical composition entitled "Up, Up and Away" had become well known prior to August 11, 1967. Subsequent to August 11, 1967, defendants produced and caused to be broadcast by radio and television in the State of California and elsewhere fifty-one radio and television commercials utilizing the copyrighted music, lyrics, and arrangement of the musical composition entitled "Up, Up and Away." The lyrics of said composition, modified in order to advertise the air-flight services of defendant Trans World Airlines, were sung by an unidentified vocalist and chorus.

Prior to producing the commercials the defendants acquired a license to so use the copyrighted music, lyrics, and arrangement of "Up, Up and Away" from Johnny Rivers Music, the copyright proprietor thereof, on September 11, 1967, as appears from the affidavit of Robert Nash and a copy of the license agreement attached thereto filed in support of defendants' motion for summary judgment. Defendants paid valuable consideration for the license mentioned.

The performances of "Up, Up and Away" contained in said radio commercials and television commercials are anonymous; that is, there is no audio or visual representation, holding out, or inference that any of the commercials embody the performance or voice of any particular individual or individuals. Furthermore, said commercials are not of and concerning plaintiffs individually or collectively; that is, plaintiffs are not referred to individually or collectively either by name or inferentially.

■ The Court holds that here there has been no "passing-off" of defendants' commercials as the products of plaintiffs or any of them. The defendants have not mislead the public into the belief that defendants' commercials were the products of plaintiffs or any of them. Nor have defendants by said commercials invaded the privacy of plaintiffs or any of them; nor have defendants defamed plaintiffs or any of them or violated any of the personal rights of plaintiffs or any of them.

■ Because there is no dispute as to any material fact this is a proper case for disposition upon a motion for summary judgment. Plaintiffs have contended that defendants have imitated the recorded performance of plaintiffs; but for the purpose of this motion it is deemed that there have in fact been imitations of plaintiffs' recorded performance by defendants.

■ However, imitation alone does not give rise to a cause of action. Hence defendants are entitled to summary judgment. Sears, Roebuck Co. v.

Stiffel Co. (1964) 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661; Compco Corp. v. Day-Brite Lighting, Inc. (1964) 376 U. S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669; Columbia Broadcasting System, Inc. v. DeCosta (1 C.A.1967) 377 F.2d 315, 319, cert. den. 389 U.S. 1007, 88 S.Ct. 565, 19 L.Ed.2d 603; Cable Vision Inc. v. KUTV, Inc. (9 C.A.1964) 335 F.2d 348, cert. den. Klix Corp. v. Cable Vision, Inc., 379 U.S. 989, 85 S.Ct. 700, 13 L. Ed.2d 609; Welles v. Columbia Broadcasting System, Inc. (9 C.A.1962) 308 F.2d 810; R. C. A. Mfg. Co. v. Whiteman (2 C.A. 1940) 114 F.2d 86; Supreme Records v. Decca Records (S.D.Cal.1950) 90 F.Supp. 904; Miller v. Universal Pictures Company (Sup.Ct.App.Div.1960) 11 A.D.2d 47, 201 N.Y.S.2d 632, reversing Sup.Ct. Special Term Decision at 18 Misc.2d 626, 188 N.Y.S.2d 386; aff'd on basis of App.Div. opinion by Court of Appeals (1961) 10 N.Y.2d 972, 224 N.Y.S.2d 662, 180 N.E.2d 248.

The foregoing constitutes the findings of fact and conclusions of law of the Court. No judgment shall be entered until the Court has signed and filed its formal judgment herein.